THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
            justin.rhoades@usdoj.gov
            jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAMON NARCISO MORALES<br>MENDOZA, ET AL.,<br><br>                    Defendants. | ) CR No. 09-230(A)-SVW<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>GILBERTO AGUILAR</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

     1.  This constitutes the plea agreement between GILBERTO
AGUILAR ("defendant") and the United States Attorney's Office for
the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state or local prosecuting,
administrative or regulatory authorities.

//

//

<u>PLEA</u>

2.   Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

<u>NATURE OF THE OFFENSE</u>

3.   In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

a.   Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.   Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance.  Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

PENALTIES

5.   The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: 40 years imprisonment, a lifetime period of supervised release, a fine of $2,000,000, and a mandatory special assessment of $100.

6.   Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 5 years imprisonment, a 4-year period of supervised release, and a mandatory special assessment of $100.

7.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.   Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social

3

1  Security Act or Federal Food Stamp Act and will not be eligible
2  for federal food stamp program benefits; furthermore, any such
3  benefits or assistance received by defendant's family members
4  will be reduced to reflect defendant's ineligibility.

5    10.  Defendant further understands that the conviction in
6  this case may subject defendant to various collateral
7  consequences, including but not limited to deportation,
8  revocation of probation, parole, or supervised release in another
9  case, and suspension or revocation of a professional license.
10 Defendant understands that unanticipated collateral consequences
11 will not serve as grounds to withdraw defendant's guilty plea.

12                            FACTUAL BASIS

13   11.  Defendant and the USAO agree and stipulate to the
14 statement of facts provided below.  This statement of facts is
15 sufficient to support a plea of guilty to the charge described in
16 this agreement and to establish the sentencing guideline factors
17 set forth in paragraph 14 below.  It is not meant to be a
18 complete recitation of all facts relevant to the underlying
19 criminal conduct or all facts known to either party that relate
20 to that conduct.

21   Beginning on a date unknown and continuing through April 9,
22 2009, defendant knowingly and intentionally conspired to
23 distribute more than 100 grams of heroin.  Specifically,
24 defendant agreed to and did receive heroin from individuals
25 associated with the Mendoza family heroin distribution
26 organization, which is based in Mexico.  Defendant regularly took
27 delivery of heroin from a co-defendant and then distributed the
28 heroin to others who would sell it to users.

1  Defendant admits that he committed the following overt acts
2  in furtherance of the conspiracy: 1) on February 14, 2009,
3  defendant delivered approximately 19.8 grams of heroin to a co-
4  defendant at an "El Super" market in East Los Angeles; and 2) on
5  December 19, 2008, defendant discussed with a co-defendant where
6  defendant should meet another co-defendant and two unidentified
7  co-conspirators and how much heroin to sell them.

8  In addition, defendant admits that on January 13, 2009,
9  defendant possessed approximately 15.9 grams of heroin packaged
10 in multi-colored balloons for individual distribution in a
11 vehicle in Los Angeles, California.

12 Throughout his participation in the conspiracy, defendant
13 knew that the substance he possessed and sold was heroin.
14 Defendant further admits he knew that the conspiracy to
15 distribute heroin included an agreement to distribute more than
16 100 grams but less than 400 grams of heroin.

17              WAIVER OF CONSTITUTIONAL RIGHTS

18 12. By pleading guilty, defendant gives up the following
19 rights:

20        a) The right to persist in a plea of not guilty.

21        b) The right to a speedy and public trial by jury.

22        c) The right to the assistance of legal counsel at
23 trial, including the right to have the Court appoint counsel for
24 defendant for the purpose of representation at trial.  (In this
25 regard, defendant understands that, despite his plea of guilty,
26 he retains the right to be represented by counsel -- and, if
27 necessary, to have the court appoint counsel if defendant cannot
28 afford counsel -- at every other stage of the proceeding.)

1       d) The right to be presumed innocent and to have the
2   burden of proof placed on the government to prove defendant
3   guilty beyond a reasonable doubt.

4       e) The right to confront and cross-examine witnesses
5   against defendant.

6       f) The right, if defendant wished, to testify on
7   defendant's own behalf and present evidence in opposition to the
8   charges, including the right to call witnesses and to subpoena
9   those witnesses to testify.

10       g) The right not to be compelled to testify, and, if
11   defendant chose not to testify or present evidence, to have that
12   choice not be used against defendant.

13   By pleading guilty, defendant also gives up any and all
14   rights to pursue any affirmative defenses, Fourth Amendment or
15   Fifth Amendment claims, and other pretrial motions that have been
16   filed or could be filed.

17   SENTENCING FACTORS

18   13. Defendant understands that the Court is required to
19   consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
20   including the kinds of sentence and sentencing range established
21   under the United States Sentencing Guidelines ("U.S.S.G." or
22   "Sentencing Guidelines"), in determining defendant's sentence.
23   Defendant further understands that the Sentencing Guidelines are
24   advisory only, and that after considering the Sentencing
25   Guidelines and the other § 3553(a) factors, the Court may be free
26   to exercise its discretion to impose any reasonable sentence up
27   to the maximum set by statute for the crime of conviction.
28

1      14.   Defendant and the USAO agree and stipulate to the
2  following applicable Sentencing Guidelines factors:

3      Base Offense Level :    26   U.S.S.G. § 2D1.1(c)(6)
4  Defendant and the USAO reserve the right to argue that additional
5  specific offense characteristics, adjustments, and departures
6  under the Sentencing Guidelines are appropriate.  Defendant also
7  understands that defendant's base offense level could be
8  increased if defendant is a career offender under U.S.S.G.
9  §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level
10 is so altered, the parties are not bound by the base offense
11 level stipulated to above.

12      15.   The parties agree that:

13          a) Defendant did not use violence or credible threats
14 of violence or possess a firearm or other dangerous weapon (or
15 induce another participant to do so) in connection with the
16 offense;

17          b) The offense did not result in death or serious
18 bodily injury to any person; and

19          c) Defendant was not an organizer, leader, manager,
20 or supervisor of others in the offense and was not engaged in a
21 continuing criminal enterprise.

22      16.   There is no agreement as to defendant's criminal
23 history or criminal history category.

24      17.   Defendant and the USAO, pursuant to the factors set
25 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
26 (a)(7), further reserve the right to argue for a sentence outside
27 the sentencing range established by the Sentencing Guidelines.

28

1    18.   The stipulations in this agreement do not bind either
2 the United States Probation Office or the Court.   Both defendant
3 and the USAO are free to: (a) supplement the facts by supplying
4 relevant information to the United States Probation Office and
5 the Court, (b) correct any and all factual misstatements relating
6 to the calculation of the sentence, and (c) argue on appeal and
7 collateral review that the Court's Sentencing Guidelines
8 calculations are not error, although each party agrees to
9 maintain its view that the calculations in paragraph 14 are
10 consistent with the facts of this case.

11                         DEFENDANT'S OBLIGATIONS

12    19.   Defendant agrees that he will:

13          a) Plead guilty as set forth in this agreement.

14          b) Not knowingly and willfully fail to abide by all
15 sentencing stipulations contained in this agreement.

16          c) Not knowingly and willfully fail to: (i) appear for
17 all court appearances, (ii) surrender as ordered for service of
18 sentence, (iii) obey all conditions of any bond, and (iv) obey
19 any other ongoing court order in this matter.

20          d) Not commit any crime; however, offenses which would
21 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
22 not within the scope of this agreement.

23          e) Not knowingly and willfully fail to be truthful at
24 all times with Pretrial Services, the U.S. Probation Office, and
25 the Court.

26          f) Pay the applicable special assessment at or before
27 the time of sentencing unless defendant lacks the ability to pay
28 and submits a completed financial statement (form OBD-500) to the

1  USAO prior to sentencing.

2  <u>THE USAO'S OBLIGATIONS</u>

3      20.   If defendant complies fully with all defendant's

4  obligations under this agreement, the USAO agrees:

5          a) To abide by all sentencing stipulations contained in

6  this agreement.

7          b) At the time of sentencing to move to dismiss the

8  remaining counts of the indictment as against defendant.

9  Defendant agrees, however, that at the time of sentencing the

10 Court may consider the dismissed counts in determining the

11 applicable Sentencing Guidelines range, where the sentence should

12 fall within that range, the propriety and extent of any departure

13 from that range, and the determination of the sentence to be

14 imposed after consideration of the Sentencing Guidelines and all

15 other relevant factors under 18 U.S.C. § 3553(a).

16         c) At the time of sentencing, provided that defendant

17 demonstrates an acceptance of responsibility for the offense up

18 to and including the time of sentencing, to recommend a two-level

19 reduction in the applicable sentencing guideline offense level,

20 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

21 move for an additional one-level reduction if available under

22 that section.

23         d) To recommend that defendant be sentenced to a term

24 of imprisonment at the low end of the applicable Sentencing

25 Guidelines imprisonment range provided that the total offense

26 level as calculated by the Court is 25 or higher and provided

27 that the Court does not depart downward in offense level or

28 criminal history category.  For purposes of this agreement, the

9

1  low end of the Sentencing Guidelines imprisonment range is that

2  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

3                       BREACH OF AGREEMENT

4      21.   If defendant, at any time after the execution of this

5  agreement, knowingly violates or fails to perform any of

6  defendant's agreements or obligations under this agreement ("a

7  breach"), the USAO may declare this agreement breached.  If the

8  USAO declares this agreement breached at any time following its

9  execution, and the Court finds such a breach to have occurred,

10 then: (a) if defendant has previously entered a guilty plea,

11 defendant will not be able to withdraw the guilty plea, and (b)

12 the USAO will be relieved of all of its obligations under this

13 agreement.

14     22.   Following the Court's finding of a knowing and willful

15 breach of this agreement by defendant, should the USAO elect to

16 pursue any charge that was either dismissed or not filed as a

17 result of this agreement, then:

18         a) Defendant agrees that any applicable statute of

19 limitations is tolled between the date of defendant's signing of

20 this agreement and the commencement of any such prosecution or

21 action.

22         b) Defendant gives up all defenses based on the statute

23 of limitations, any claim of pre-indictment delay, or any speedy

24 trial claim with respect to any such prosecution, except to the

25 extent that such defenses existed as of the date of defendant's

26 signing this agreement.

27         c) Defendant agrees that: (i) any statements made by

28 defendant, under oath, at the guilty plea hearing (if such a

1   hearing occurred prior to the breach); (ii) the stipulated
2   factual basis statement in this agreement; and (iii) any evidence
3   derived from such statements, are admissible against defendant in
4   any such prosecution of defendant, and defendant shall assert no
5   claim under the United States Constitution, any statute, Rule 410
6   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules
7   of Criminal Procedure, or any other federal rule, that the
8   statements or any evidence derived from any statements should be
9   suppressed or are inadmissible.

10                  LIMITED MUTUAL WAIVER OF APPEAL
11       23.  Defendant gives up the right to appeal any sentence
12   imposed by the Court, and the manner in which the sentence is
13   determined, provided that (a) the sentence is within the
14   statutory maximum specified above and is constitutional, and
15   (b) the Court imposes a sentence within or below the range
16   corresponding to a total offense level of 25, and the applicable
17   criminal history category as determined by the Court.
18   Notwithstanding the foregoing, defendant retains any ability
19   defendant has to appeal the conditions of supervised release
20   imposed by the Court, with the exception of the following:
21   conditions set forth in General Orders 318, 01-05, and/or 05-02
22   of this Court; the drug testing conditions mandated by 18 U.S.C.
23   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
24   conditions authorized by 18 U.S.C. § 3563(b)(7).
25       24.  The USAO gives up its right to appeal the sentence,
26   provided that (a) the sentence is within the statutory minimum
27   and maximum specified above and is constitutional, and (b) the
28   Court imposes a sentence within or above the range corresponding

1  to a total offense level of 25, and the applicable criminal

2  history category as determined by the Court.

3                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

4       25.  Defendant agrees that if any count of conviction is

5  vacated, reversed, or set aside, the USAO may: (a) ask the Court

6  to resentence defendant on any remaining counts of conviction,

7  with both the USAO and defendant being released from any

8  stipulations regarding sentencing contained in this agreement,

9  (b) ask the Court to void the entire plea agreement and vacate

10  defendant's guilty plea on any remaining count of conviction,

11  with both the USAO and defendant being released from all of their

12  obligations under this agreement, or (c) leave defendant's

13  remaining conviction, sentence, and plea agreement intact.

14  Defendant agrees that the choice among these three options rests

15  in the exclusive discretion of the USAO.

16                            COURT NOT A PARTY

17       26.  The Court is not a party to this agreement and need not

18  accept any of the USAO's sentencing recommendations or the

19  parties' stipulations.  Even if the Court ignores any sentencing

20  recommendation, finds facts or reaches conclusions different from

21  any stipulation, and/or imposes any sentence up to the maximum

22  established by statute, defendant cannot, for that reason,

23  withdraw defendant's guilty plea, and defendant will remain bound

24  to fulfill all defendant's obligations under this agreement.  No

25  one -- not the prosecutor, defendant's attorney, or the Court --

26  can make a binding prediction or promise regarding the sentence

27  defendant will receive, except that it will be within the

28  statutory maximum.

## NO ADDITIONAL AGREEMENTS

27.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          7/17/09
ARIEL A. NEUMAN                     _____
JUSTIN RHOADES                      Date
JEFF MITCHELL
Assistant United States Attorneys


I, GILBERTO AGUILAR, have read this agreement and carefully discussed every part of it with my attorney.  It has been read to me in Spanish, the language I understand best.  I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the

1 │ consequences of entering into this agreement.  No promises or

2 │ inducements have been given to me other than those contained in

3 │ this agreement.  No one has threatened or forced me in any way to

4 │ enter into this agreement.  Finally, I am satisfied with the

5 │ representation of my attorney in this matter.

6 │ _Gildardo Agilor Clant_        _7/16/09_
   │ GILBERTO AGUILAR                    Date

7 │ Defendant

8 │

9 │     I, _Indra Zuno-Pantoja_ am fluent in written and spoken

10 │ English and Spanish languages.  I accurately translated this

11 │ entire agreement from English into Spanish to defendant GILBERTO

12 │ AGUILAR on this date.

13 │ _Indra R. Zuno-Pantoja_        _7/16/09_

14 │ Interpreter                         Date

15 │

16 │     I am GILBERTO AGUILAR's attorney.  I have carefully

   │ discussed every part of this agreement with my client.  Further,

17 │ I have fully advised my client of his rights, of possible

18 │ defenses, of the sentencing factors set forth in 18 U.S.C. §

19 │ 3553(a), of the relevant Sentencing Guidelines provisions, and of

20 │ the consequences of entering into this agreement.  To my

21 │ knowledge, my client's decision to enter into this agreement is

22 │ an informed and voluntary one.

23 │

24 │ _JEFF D. PRICE_                 _7/17/09_
   │                                     Date

25 │ Counsel for Defendant
   │ GILBERTO AGUILAR

26 │

27 │

28 │

                              14