GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF P. MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) GOVERNMENT'S POSITION RE: |
| v. | ) SENTENCING OF DEFENDANT GILBERTO AGUILAR |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) SENTENCING DATE: **11/16/09** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Gilberto Aguilar.

///

///

1    The United States' position regarding sentencing is based
2 upon the attached memorandum of points and authorities, the files
3 and records in this case, the Presentence Report, and any other
4 evidence or argument that the Court may wish to consider at the
5 time of sentencing.

7 DATED: November 1, 2009         Respectfully submitted,

8                                 GEORGE S. CARDONA
                                  Acting United States Attorney
9
                                  CHRISTINE C. EWELL
10                                Assistant United States Attorney
                                  Chief, Criminal Division
11

12
                                      _____/s/_____
13                                JUSTIN R. RHOADES
                                  Assistant United States Attorney
14
                                  Attorneys for Plaintiff
15                                United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 3, 2009, defendant Gilberto Aguilar ("defendant") pled guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846.  Specifically, defendant admitted that he agreed to and did receive heroin on an on-going basis from co-defendants and then sold the heroin in Los Angeles County.  Plea Agreement ¶ 11.  Defendant admitted the following conduct as examples of his participation in the conspiracy: 1) on December 19, 2008, defendant discussed with a co-defendant where defendant should meet another co-defendant and two unidentified co-conspirators and how much heroin to sell them; 2) on January 13, 2009, defendant possessed approximately 15.9 grams of heroin packaged in multi-colored balloons for individual distribution in a vehicle in Los Angeles, California; and 3) on February 14, 2009, defendant delivered approximately 19.8 grams of heroin to a co-defendant at an "El Super" market in East Los Angeles.  Id. Defendant admitted that he knew that the substance he possessed and conspired to possess was heroin, and that he knew that the conspiracy included an agreement to sell more than 100 but less than 400 grams of heroin.  Id.

**II.  THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 14, 2009.  The PSR calculated the total offense level as follows:

1

```
Base Offense Level    :    26   U.S.S.G. § 2D1.1(c)(7)
Acceptance of
Responsibility        :    -3   U.S.S.G. § 3E1.1
```

PSR ¶¶ 26-38. The PSR also calculated a criminal history category of II based on three criminal history points. PSR ¶¶ 40-48. The PSR calculated the guideline sentence to be 60-63 months of imprisonment[1], 4 years to life of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $2,000,000. PSR Guideline Summary.

**III.   PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that defendant does not have the ability to pay a fine. Recommendation Letter at 1.

**IV.   THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the low end of the sentencing guideline range applicable to defendant.[2] Because of defendant's criminal history points, it does not appear that he is eligible

---

[1] The technical range applicable to defendant is 51-63 months, but the five year mandatory minimum sentence raises that range to 60-63 months.

[2] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty. U.S.S.G. § 3E1.1(b).

for relief pursuant to 18 U.S.C. § 3553(a)(1)(f). Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a 60-month term of imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100. The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a).

### 1. The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Defendant conspired to distribute a significant quantity of heroin – he admitted conspiring to distribute between 100 and 400 grams – as part of an organization distributed heroin in East Los Angeles for many years. His participation lasted at least several months and was not a one-time transaction. Defendant distributed the drug for profit and often used some of the heroin he had been provided. Defendant sold the heroin while still on probation for a prior offense.

In mitigation, defendant took responsibility for his actions and has acknowledged that his arrest and incarceration may help free him from his substance abuse issues. In addition, this is defendant's first narcotics conviction. These factors counsel in favor of a sentence at the mandatory minimum of five years.

### 2. The Need For The Sentence Imposed

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the

3

sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. As alleged in the indictment, the instant offense was a long-running conspiracy to distribute heroin in East Los Angeles and beyond. Defendant participated in the offense on an on-going basis, delivering the drug on a routine basis to customers. These facts demonstrate the seriousness of the offense, and the sentence imposed should be crafted to reflect that. Such a sentence would also hopefully act as a deterrent to others, including those, like defendant, who reside in the United States illegally.

The recommended sentence provides adequate punishment given the crime and defendant's limited criminal history, but is not greater than necessary as reflected by those same facts.

Defendant will be deported following his incarceration. Should he be re-admitted to the United States, a period of supervised release would be important to ensure that defendant has the necessary resources such that he does not re-offend. The statutorily-mandated four-year period of supervised release is appropriate as a further deterrent to future crimes by defendant.

3.   <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Imposing a sentence at the low end of the advisory sentencing guideline range – and at the mandatory minimum sentence – will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Here, the United States has

4

recommended a low-end guideline sentence based on the offense and defendant's calculated criminal history.  This sentence would be consistent with the sentences received by other co-defendants in this case who distributed similar amounts of heroin and have similarly limited criminal histories.

**V.    CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 60 months of imprisonment, four years of supervised release on the terms set forth in the PSR, and a special assessment of $100.